Mojica v. Secretary of Health and Human Services I am Mindy Roth and I am honored to represent the petitioner appellants in this matter, Luminata, Mojica, and Julio Acevedo on behalf of their infant son, Joshua Acevedo. The undisputed facts in this appeal are that Joshua suffered a vaccine-related injury pursuant to the National Vaccine Compensation Act on June 28, 2004 when he received his DTP and Prevnar vaccines. On June 25, 2007, a fully prepared petition was entrusted to Federal Express for delivery to the clerk of the federal court. I guess the crux of the issue before us is the question of equitable tolling, whether equitable tolling applies, whether there's room under the circumstances of this case. Not necessarily, Your Honor. It's our position that we never reach the item of equitable tolling because this is a substantial compliance issue before you ever get to the point of equitable tolling. I thought there was a concession below that the petition for relief was filed more than 36 months after the first onset. There was a concession that the petition filed with the court was... I mean, both the special master and the judge on the Court of Federal Claims in reviewing the special master in their opinion said the petition for relief filed by your clients on behalf of their child was filed more than 36 months after the first onset. They said that as well as saying HHS was timely served with the petition, the petition was entrusted to Federal Express. Exactly. There was no question about the fact that the petition was put in the hands of Federal Express on time. It did not arrive at the destination due to the error of the carrier. Correct. Right. And our law is clear that there is no equitable tolling no matter how... Well, as the opinions below, I mean, they recognize the result is draconian in this case. The special masters dismissed the petition as duty-bound to apply the law despite the harsh, untenable, really, result because it's conceded. I mean, this is an enormously sad case because a fully prepared and we assume fully adequate petition for relief was prepared within the 36-month time limit, was handed to Federal Express saying, please get it to the right place within a day or two, I gather. It was 24 hours yesterday. Actually, next business morning. Next business morning. And in fact, showed that it was here in Dulles at 5 a.m. the next morning. But Dulles is not where you thought. No, absolutely not. Your argument about substantial compliance, I understand, is that the service was timely affected on the secretary, but it was not timely affected on the court. Correct. The argument is that we should... But the statute requires the timely filing with both. Understood, but... The only way to excuse that is if equitable tolling applied, correct? Well, it's a different theory, Your Honor. Equitable tolling, as the court has already said in Bryce, and though we disagree with the holding in Bryce, is that equitable tolling does not apply. What the court did not consider in Bryce is a situation such as this, which has never come before the court before, where everything has been done prior to the statute of limitations and all efforts were made to file it and HHS was timely served so that there is no prejudice to them. And Bryce was a constructural argument of what congressional intent was. The program was created to assist injured children. It could not... Counsel, but you realize we can't overrule Bryce. We're just a panel of three and you need 12 of us. True, but the argument is that you don't ever reach Bryce because the substantial compliance factor would not even reach the concerns of Bryce. I guess I'm not... No, but it's a substantial compliance with two tests, service on the secretary, service on the court. You can't argue that there was substantial compliance with service on the court. True, but substantial compliance would mean that there was an element missing and the element missing was that it failed to reach the court in time as a result of the third party's actions over which the petitioner had no control. You asked for a recess, if you will, in the court of federal claims. You said there's a pending case that's going up in Supreme Court that if resolved the way you thought it should be resolved, you thought would be favorable to you in your argument. The court of federal claims denied your motion for a stay waiting for John R. Sandin-Gravel. Correct. John R. Sandin-Gravel came down the wrong way from your perspective. It also came down as a jurisdictional requirement rather than the case... But that's what we said in Bryce. Well, Bryce actually viewed the interpretation of what the statute meant. But we talked about sovereign immunity. Understood, but John R. Sandin-Gravel is a... Sovereign immunity case. It's also a case with precedent of over 120 years worth of cases. This program is merely 20 years old. There is not that precedent before the court for it to automatically assume that that's what Congress intended. Well, for better or worse, from your perspective, we have already... This court has already adjudicated what Congress intended with respect to the Vaccine Act with regard to statute of limitations. That analysis is in Bryce. Correct. It's understood, Your Honor. What we're merely saying is that the court in Bryce did not consider a situation such as this. In this case, the facts in this case are nothing like anything that has come before the court before. I agree with you. The Bryce situation was dramatically different. There was no evidence of the good faith and the activities that the petitioners undertook in this case. But Judge Newman, even in her dissent in Bryce, really points that out, that the majority opinion in Bryce forecloses the door to just such the person that you have here. Hard for us to interpret Bryce any other way. Understood. And that decision came down in 2001. Correct. So it's not that no one was aware of this strict standard. Well, we were aware of this strict standard, Your Honor. I've been practicing in this program since the inception of the program. I've been filing petitions since 1990 in this program. I'm certainly aware of the requirements under the program, which is exactly what was done here. One of the unfortunate, difficult situations here is obviously the client didn't get to you within a reasonable time after the first onset. Often happens, Your Honor. I have filed petitions 24 hours before because somebody walked into my office and the case was a viable case and I didn't even have the records. But I got that petition to the court in time, in reliance on Federal Express, which ironically the government relies on as its exclusive carrier. Well, whether you have a cause of action against Federal Express is beyond the scope of this inquiry. Thank you. All right. Thank you very much. Ms. Perlman, good morning. Thank you. Good morning. May it please the court, my name is Heather Perlman and I represent the government. Section 16A2 of the Vaccine Act states that no petition may be filed for compensation under the program for such injury after the expiration. Do you disagree that the Secretary was given timely notice here? Yes, they were given timely notice. The Secretary was given timely notice? The Secretary was timely served with the petition. Given that filing and the circumstances with regard to Federal Express, is there no room for some substantial compliance exception here? We see no room. Bryce is a bright line. It says late is late. But if you file more than 36 months after the first symptom or onset of manifestation of injury, you are time barred and there is no equitable tolling. And the way that substantial compliance is being used, as you pointed out earlier, really the equitable tolling has to fit into that inquiry. Is there no room for the government to make an exception in a case like this? I'm not... In other words, the government recognizing that the deadline has passed, but... That would be an equitable... The circumstances. That would be an equitable consideration. And that is what Bryce and we believe Congress sought to avoid. Looking at the facts of a particular case takes a lot of resources and a lot of time that need to be spent on the 5800 claims that we have pending. Timely filed claims. And in this case, there is no doubt that the claim was filed late. To be filed, it needs to arrive at the clerk and stamped by the clerk. Neither was done within 36 months. So the claim is time barred. It's unfortunate. But even in Bryce, they realized that sometimes harsh results would occur. I guess I'm not necessarily disagreeing with you, but just exploring whether there is any leeway on the part of the government to make an exception, in effect, to go beyond the terms. And I take it the answer is unfortunately no. Unfortunately no. Opens up... I thought there was... It's not cited in the briefs, but I thought there was analysis in Widoss or Waddell, one deal with statute of limitations, where in our analysis as to why we thought under the Irwin Brokamp analysis, why Congress intended there to be a strict and violent line was because of the need of the secretary to be able to know that beyond some point in time, there are no more claims. That is one reason. Right. But let me just stick with that for a second. And that's the knowledge the secretary has to have, because the secretary has to go to Congress to ask for money to fund judgments that can come against it, the secretary has to go to Congress to ask for funding to maintain the program and all of that. And so for that reason, you have these cutoff marking points, right? That is one reason. Well, if in a given case, the secretary got the notice on time, so when the secretary got a catalog, how many cases there are, then in that case, there's no foul, if you would, because the secretary got the information the secretary needed. That is correct. Then the question beyond that is, well, what's the purpose of having the timely notification to the court? Right? I mean, is that so the court can keep its docket straight? I mean, what policy is being promoted? I understand, because it's in either Widdows or Waddell, because for the court, I wrote it, because it struck me that in those cases, there was a need, we could attribute to Congress a need for a certain amount of information that flows to it by knowing whether a claim has or has not been filed. What policy purposes, sir, by having a rigid time limit for notifying the court, once the defendant, if he does, knows? Well, I think the Supreme Court recently addressed this in John R. Sand, that statute of limitations have several reasons, the reasons that you just articulated, the reasons to protect defendants against stale or unduly delayed claims. But sometimes statute of limitations seek to protect not just the case-specific interests, but broader system-related goals, and they specify such as facilitating the administration of claims, limiting the scope of government waiver of sovereign immunity, or promoting judicial efficiency. And I believe those three reasons apply to our program. Well, do we have, I mean, how strong is the aroma of sovereign immunity in this case? It was strong in J.R. Sand, we referenced that in Bryce, but do we really have a sovereign immunity problem? I believe we do. If we have a statute that Congress is allowing the government to be sued, they strictly define who and in what time period that lawsuit can come. Wouldn't that, again, go to the question of whether or not the defendant gets notified on time? I mean, once the defendant has been notified timely, then from a sovereign immunity point of view, I guess timely notice to the court simply just gives the government another arrow in its quiver. Well, the, if you allow it to happen in one particular case, you would have to allow it to happen in five or six thousand other cases. Well, the rule of the flow, if we were to agree with counsel for the petitioners here in this case, the rule would read like this. Of course, Bryce is rigid and strict, but in Bryce we weren't confronted with the facts of this case. So Bryce only has bite as a matter of law for the facts on that case, even though the language is very strong. And to say, of course, in a circumstance where the secretary doesn't receive notice on time, of course you've lost. Because you have to notify both the, I suppose in an instant case it would be where the notice got to the court on time but not to the secretary on time. Then it wouldn't be a proper filing. That would be an improper. It would be an improper filing. So what I'm trying to get at is the opinion would say, well, under Bryce we're not necessarily limited to the rule of no equitable tolling where there has been compliance with the secretary. Because we don't see any particular value served by timely notifying the court once the secretary has been timely notified. Well, I mean, it is the rules of this court that require. You were suggesting that if we were to breach the rigidity of Bryce that we would be at sea. We would just simply be up here dealing out equitable cards, which is what courts of appeals are not supposed to do. But the rule I'm specifying would be a rigid one in itself. You have to satisfy a timely service on the secretary. Well, I think the bright line deadline serves the purposes of not just the defendant but the court and what Congress intended. And if you look at Bryce and if you look at the statute, it seems clear that they did not intend for equitable tolling to apply. And that bright line rule makes it very easy for a petitioner to know the date on which their claim is due. And it must be in on that date or else they can't proceed with a petition with the program. Your honors, petitioners did not meet the statutory requirements for filing a petition under the act. Therefore, the court of federal claims lacks jurisdiction to hear this claim. Equitable tolling is not available under section 16A2. The facts of this or any other case are irrelevant regardless of how unfortunate they are and regardless of whether due diligence was done. We ask that you affirm the special master in court of federal claims decisions dismissing the petition. Thank you. Thank you. Ms. Roth, any concluding comments? Yes, your honor. I find it interesting in your honor's question that if the petition had actually been filed on the clerk and not on HHS, who is the party of interest, so to speak, as the respondent in this matter, that it would be considered an improper filing yet rectifiable. But in this matter where it didn't reach the clerk but did reach the respondent, it's not rectifiable. There's an inconsistency there in the position taken by the government. You understood your adversary to say that you could rectify the late filing with the secretary. Well, she said it would be an improper filing. She didn't say it would be dismissed because it would have reached the court for filing. You're a good lawyer, but you may have read more into what she was saying than she said. And she said it would be an improper filing. And I take improper filing as not being an inadequate filing pursuant to statute. It would be improper because it could be rectified by serving HHS thereafter. But in fact, it would not comply with the statute any more than the circumstances. Cases that have actually dismissed a petition because it didn't reach HHS on time but reached the court on time. But that's what the statute specifies. Understood. And I will bring up, though, I recognize that it was long before Bryce. The special masters had recognized previously in the Raspberry matter, a case very similar to this where the courier lost the package, that where due diligence was done that the program itself, being a remedial program, should allow a petition to go forward. And it did actually allow the motion for review to go forward. And it was one day late as well. And just as far as the going to the government for funding, this program is not funded by the government. It's funded by a tax on vials of vaccines. It's actually funded by the public. That's what keeps the program going. Thank you, Your Honor. Thank you very much. Thank you, counsel, for both sides. The case is submitted and the court will now stand in recess.